IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| JESUS ESCOBAR-CASTRO,<br><br>                Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>                Respondent. | MEMORANDUM DECISION AND ORDER<br><br>Case No.  2:16CV909DAK<br><br>Judge Dale A. Kimball |

      This matter is before the court on Petitioner Jesus Escobar-Castro's Petition under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence.  The United States has responded to Petitioner's motion, and the court considers the motion fully briefed.

      On April 24, 2015, Petitioner entered a guilty plea and signed a State in Advance of Plea ("Plea Agreement") to Counts 1 and 2 of the Superseding Indictment.  Prior to sentencing, the United States Probation Office prepared a Presentence Investigation Report and both the United States and Petitioner filed sentencing memoranda.  On October 9, 2015, the court held Petitioner's sentencing hearing.  Petitioner's counsel argued on Petitioner's behalf and Petitioner declined to make a statement.  The court determined that Petitioner's correct guidelines range was 151-188 months and then sentenced Petitioner to 170 months and sixty months supervised release.

      Petitioner now attacks his sentence, arguing ineffective assistance of counsel because his

counsel failed to address Petitioner's minor role in the offense and seeking retroactive application of Amendment 794 to the United States Sentencing Guidelines § 3B1.2.

"[A] district court is authorized to modify a Defendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so." *United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996).  Under 28 U.S.C. § 2255, a prisoner in custody can move the court to vacate, set aside, or correct a sentence if the sentence was unconstitutional, illegal, in excess of the maximum authorized by law, or otherwise subject to collateral attack.

To establish a claim for ineffective assistance of counsel, a petitioner must show: "(1) his counsel's performance was constitutionally deficient, and (2) his counsel's deficient performance was prejudicial." *United States v. Cook*, 45 F.3d 388, 392 (10th Cir. 1995); *United States v. Glover*, 97 F.3d 1345, 1349 (10th Cir. 1996) (applying standard to sentencing proceedings and plea hearings).

Petitioner states that his counsel was ineffective for failing to address his minor role in the offense.  However, in Petitioner's case, his counsel effectively addressed his role and convinced the court not to apply an upward adjustment as requested by the government.  The argument at Petitioner's sentencing dealt with whether Escobar was an organizer/leader.  While there was evidence to support the government position, the court agreed with defense counsel that the enhancement should not be applied.  The parties did not discuss a minor role adjustment because the facts of the case did not support it.  Petitioner understood the scope of the conspiracy, participated greatly in the conspiracy, exercised decision-making authority and had responsibility over parts of the conspiracy, and worked with his co-defendant, Juan Carlos

Garcia, to traffic significant amounts of methamphetamine and launder funds for their benefit. Petitioner's role was well considered in connection with his sentence. The court concludes that there is no support in the record for finding that Petitioner's counsel was ineffective or that Petitioner was prejudiced at any stage of the proceedings.

Petitioner also argues that in *United States v. Quintero-Leyva*, 823 F.3d 519 (9th Cir. 2016), the Ninth Circuit Court of Appeals determined that Amendment 794 was a clarifying amendment which makes the amendment retroactive. However, the *Quintero-Leyva* court determined only that the amendment "applies retroactively to direct appeals." *Id.* at 523. The court did not determine that Amendment 794 applies retroactively to cases on collateral review. Petitioner's § 2255 motion seeks collateral review of his sentence, it is not a direct appeal. Because no court has concluded that Amendment 794 applies to cases on collateral review, the court denies Petitioner's motion. Moreover, even if the Amendment applied, there was no factual basis for applying the minor role adjustment.

For the above reasons, Petitioner's Petition under 28 U.S.C. § 2555 is DENIED and DISMISSED WITH PREJUDICE.

DATED this 30th day of January, 2017.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge